James E. FOREMAN, Petitioner,

v.

DEPARTMENT OF THE
ARMY, Respondent.

No. 00–3195.

United States Court of Appeals,
Federal Circuit.

Feb. 23, 2001.

---

Daniel Minahan, Minahan and Shapiro, P.C., of Lakewood, Colorado, for petitioner.

Gregory T. Jaeger, Trial Attorney, Commercial Litigation Branch, Civil Division, of Washington, DC, for respondent. With him on the brief were David M. Cohen, Director; and Mark A. Melnick, Assistant Director.

Before LOURIE, RADER, and DYK, Circuit Judges.

PER CURIAM.

James E. Foreman petitions for review of the final decision of the Merit Systems Protection Board denying his petition for enforcement of a settlement agreement provision requiring the Army to register him in the Department of Defense ("DOD") priority placement program.

*Foreman v. Army*, 85 M.S.P.R. 247 (M.S.P.B.1999) (final order). Because the Board did not err in determining that the Army was excused from performance of the registration provision and that the Board had no authority to order the DOD to register Foreman or award damages for nonperformance, we affirm.

## DISCUSSION

Mr. Foreman was employed by the Army, which proposed to remove him for misconduct and delinquency in his supervisory responsibilities. Foreman appealed the removal action to the Board and received a hearing, at which the parties negotiated a settlement agreement. The settlement contained several benefits for Foreman, including rescission of the removal decision, removal of all related documents from his file, and registration with the DOD priority placement program. The Army complied with all provisions of the settlement agreement except the provision that it "shall ... register the Appellant for worldwide consideration under the Department of Defense Priority Placement Program." *Foreman v. Army*, No. SE–0752–98–0210–C–1, slip op. at 2 (M.S.P.B. June 24, 1999) (initial decision) ("*Foreman I*"). Foreman filed a petition to the Board to enforce this provision pursuant to 5 U.S.C. § 1204(a)(2) (1994).

Before the Administrative Judge ("AJ") decided the enforcement petition, he required Foreman to elect between rescinding the agreement and retaining the benefits of the agreement absent priority placement. Foreman's attorney elected, under protest, to keep the agreement in place absent any unenforceable provisions. The AJ then decided the enforcement petition on the merits, finding that the Army was excused from registering Foreman in the priority placement program under the doctrine of impossibility because DOD regulations preclude registration of employees whose performance or conduct is less than fully successful. *Id.* at 8–9. Because Foreman's relevant annual perfor-

mance evaluation rated his overall performance as "needs improvement," which fell below the level of "successful," the AJ determined that Foreman was ineligible for registration in the priority placement program and that the mandatory nature of the regulations made it impossible for the Army to register Foreman. *Id.* at 6–7. Furthermore, the AJ concluded that the Board did not have the authority to direct the DOD to register Foreman in its priority placement program and that the Board did not have jurisdiction to award money damages. *Id.* at 7–8. Finally, the AJ denied Foreman's enforcement petition because he did not elect to rescind the settlement agreement for breach and thus had to accept its terms absent the unenforceable provision. *Id.* at 8. Foreman appealed the AJ's initial decision to the full Board. The Board denied his petition for review, thus rendering the initial decision final. 5 C.F.R. § 1201.113(b) (2000). Foreman timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

On appeal, Foreman argues that internal agency regulations are an insufficient basis on which to preclude his registration in the priority placement program. He contends that the Board's decision improperly allows a DOD regulation to trump the Board's own enforcement powers to compel federal agencies to comply with its orders under 5 U.S.C. § 1204(a)(2). He also argues that the Army and the Board erroneously relied on a negative performance rating that should have been removed from his record as part of the settlement agreement. Finally, Foreman argues that the Board has authority to award damages and that he is entitled to them under traditional contract law principles.

■ The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *Gibson v. Dep't of Veterans Affairs,* 160 F.3d 722, 725 (Fed.Cir. 1998). We review the Board's construction of the agreement *de novo. Massie v. United States,* 166 F.3d 1184, 1187 (Fed. Cir.1999).

■ We agree with the government that the Army's failure to register Foreman with the priority placement was excusable on the ground of impossibility. A settlement agreement may not impose obligations upon a third party, in this case the DOD, without its consent. *See Local Number 93 v. City of Cleveland,* 478 U.S. 501, 529–530, 106 S.Ct. 3063, 92 L.Ed.2d 405 (1986) ("Of course, parties who choose to resolve litigation through settlement . . . may not impose duties or obligations on a third party, without that party's agreement."). Foreman signed a settlement agreement with the Army requiring an action on the part of the DOD, which is established by statute as a separate legal entity from the Army. *See* 5 U.S.C. § 101 (1994) (designating the Department of Defense as an executive department); 5 U.S.C. § 102 (1994) (designating the Department of the Army as a military department). The Army tried in good faith to register Foreman in the priority placement program, but the DOD refused to register Foreman upon discovering that his performance evaluation was less than that required for entry into the program. *Foreman I* at 6. Foreman's argument that the Board's decision improperly puts an agency regulation above the Board's enforcement powers is unpersuasive. Although the Board can "order any federal agency or employee to comply with any order or decision issued by the Board" under its authority in 5 U.S.C. § 1204(a)(1), the Board does not have the power to enforce an agreement between the Army and Foreman upon the DOD, which was not a party to that agreement. Moreover, it stands to reason that the Board should not be able to enforce on the DOD an obli-

gation undertaken by a subordinate entity that had no authority to carry out that obligation. *See, e.g.,* 10 U.S.C. § 3013 (1994) (establishing the Secretary of the Army under the direction of the Secretary of the Defense).

We also agree with the government that the Board did not err by allowing the DOD to rely on Foreman's performance evaluations for its determination that he was ineligible for the priority placement program. The settlement agreement provided that "[t]he agency shall purge from its files all documentation associated with this removal." Thus, the Army had to purge all documents relating to removal, but it was not required to purge prior performance appraisals, which are routine documents that the Army must maintain pursuant to 5 C.F.R. § 293.404(a)(1)(i) (requiring agencies to retain performance ratings of record for four years). Furthermore, DOD regulation 1400.20–I–M requires that employees who have job performances that are less than fully successful under the registering activity performance evaluation system are "not eligible to register or, if registered, must be removed." *Foreman I* at 8–9. We find no basis for concluding that the Board erred in its determination that the regulation is a mandate for the DOD to evaluate performance appraisals and reject employees from its priority placement program who do not meet its standards. *See Voge v. United States,* 844 F.2d 776, 779 (Fed.Cir. 1988) ("It has long been established that government officials must follow their own regulations . . . .").

 We are also not persuaded by Foreman that he is entitled to damages for the Army's alleged breach of the settlement agreement. The Board's authority does not include the award of monetary damages, absent an express waiver of sovereign immunity. *Hubbard v. MSPB,* 205 F.3d 1315, 1318 (Fed.Cir.2000). Foreman is incorrect that *West v. Gibson,* 527 U.S. 212, 119 S.Ct. 1906, 144 L.Ed.2d 196 (1999), expands the authority of the Board to award damages absent an express waiv-

er. In *Gibson,* the parties did not dispute that the government waived its sovereign immunity for compensatory damages under 42 U.S.C. § 1981a(a)(1) (1994). *Id.* at 222, 119 S.Ct. 1906 (stating the issue as whether, in light of the undisputed waiver, the EEOC could consider damages at an earlier stage in an employment discrimination claim). Foreman also argues that Congress abrogated its sovereign immunity in the Back Pay Act, 5 U.S.C.A. § 5596 (1994 & West Supp.2000), which entitles an employee affected by an unjustified personnel action to back pay and benefits. Foreman argues, for the first time on appeal, that the Army sabotaged Foreman's opportunity for registration on the priority placement program and thereby committed an unjustified personnel action. We decline to decide this issue as improvidently raised and distinct from his petition for contract enforcement. *See Finch v. Hughes Aircraft Co.,* 926 F.2d 1574, 1577, 17 USPQ2d 1914, 1916 (Fed.Cir.1991) ("Absent exceptional circumstances, a party cannot raise on appeal legal issues not raised and considered in the trial forum."). As his final argument, Foreman asserts his entitlement to damages under traditional contract law damages, but cites no authority for a waiver of sovereign immunity with respect to such damages for an alleged breach of the type asserted here. Therefore, the Board did not err in refusing to award damages for the Army's alleged breach of the settlement agreement.

Because the Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we

*AFFIRM.*