NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3281

WILLIAM L. STOOTS,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

William L. Stoots, of Groveport, Ohio, pro se.

Michael D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Donald E. Kinner, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3281

WILLIAM L. STOOTS,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Petition for review of the Merit Systems Protection Board in CH3443060722-I-1.

_____

DECIDED:  April 9, 2008

_____

Before GAJARSA, LINN, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner William L. Stoots appeals from a decision of the Merit Systems Protection Board ("Board") denying petitioner's claim that he was not selected by the Defense Logistics Agency for an Inventory Management Specialist position in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301-4333.  The Board denied petitioner's claim, concluding that petitioner had failed to show a violation of the USERRA.  We <u>affirm</u>.

## BACKGROUND

Petitioner was considered, but not selected, for Inventory Management Specialist positions advertised under Job Opportunity Announcements DTC-06-97 and RB-DSCC-01-277.  With respect to the position advertised as DTC-06-97, petitioner was not selected because he failed to meet the minimum qualifications for the position, in

particular the educational requirements. The minimum qualifications for the DTC-06-97 position were calculated based on a scoring system that awarded points for education, experience, training, and awards. Petitioner was awarded seventeen out of one hundred points, well below the minimum required score of seventy-three points. With respect to the position advertised as RB-DSCC-01-277, the Department of Defense ("agency") afforded him a five-point veteran preference and appears to have determined that petitioner met the minimum requirements. However, he was not selected for that position.

Petitioner first raised the USERRA allegations at issue in this appeal in a March 28, 2006, filing before the Board. A hearing was held by telephone before an administrative judge ("AJ") on November 22, 2006. On December 7, 2006, the AJ issued an initial decision denying petitioner's claim. The AJ analyzed the evidence with respect to each of the advertised positions and concluded that petitioner had failed to show that he had suffered discrimination as a result of his military service. With respect to the position advertised as DTC-06-97, the AJ rejected petitioner's arguments that the agency had improperly scored his application and that the agency's requirements placed too much emphasis on education rather than training. The AJ noted that he could not "review agency determinations of the qualifications necessary to compete for posted vacancies," but only whether those requirements had been fairly applied to petitioner without improper consideration of his military service. Stoots v. Dep't of Def., No. CH-3443-06-0722-I-1, slip op. at 4 (M.S.P.B. Dec. 7, 2006). The AJ concluded that petitioner's educational background had been properly scored at five out of forty points based on his attendance of less than one year of college-level courses. The AJ also

determined that petitioner could not qualify for a higher score because he had admitted he had not completed one year of college courses. The AJ noted that as a result of his low score for education, it was impossible for petitioner to meet the minimum score to qualify for the position, "even assuming [he] had received full point values for his prior experience, awards, and training." Id. at 4. The AJ also noted that petitioner had failed to rebut the agency's showing that the candidates selected under announcement DTC-06-97 were two veterans, one of whom had a disability.

With respect to the position advertised as RB-DSCC-01-277, the AJ rejected petitioner's argument that he had been improperly denied a ten-point, rather than a five-point, veteran preference. The AJ found that petitioner was entitled to, and received, a five-point veteran preference with respect to this position. The AJ also found that although petitioner later became eligible for a ten-point veteran preference due to a new twenty percent disability rating, petitioner's preference eligibility did not increase until after the selection decision had been made. The AJ concluded that petitioner had made no showing to connect his nonselection for this position to his military service. The AJ's decision became the final decision of the Board when the Board denied further review on May 8, 2007.

Petitioner timely appealed the Board's determination, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

"[I]n USERRA actions there must be an initial showing by the employee that military status was at least a motivating or substantial factor in the agency action, upon which the agency must prove, by a preponderance of evidence, that the action would

have been taken despite the protected status." Sheehan v. Dep't of Navy, 240 F.3d 1009, 1014 (Fed. Cir. 2001). After a thorough review of the record in this case, we conclude that the Board's factual findings were supported by substantial evidence and that it did not err in determining that petitioner failed to make the required initial showing that the decision not to hire him was connected to his military service. Substantial evidence supported the Board's determination that petitioner was not qualified to compete for the position advertised under announcement DTC-06-97 because he was not entitled to more than five out of forty points allocated for educational attainment, and thus could not possibly have met the minimum requirements for the position. Moreover, petitioner did not dispute that two veterans, including a veteran with a service-connected disability, were selected under this announcement.

The Board also correctly concluded that petitioner failed to establish that his military service was a "motivating or substantial factor" in the decision not to select him for the position advertised under announcement RB-DSCC-01-277. Petitioner properly received a five-point veteran preference because that was all he was entitled to receive at the time of his application for this position, and petitioner has asserted no basis to connect his nonselection for this position to his military service.

Petitioner also argues that the agency's described qualifications for the Inventory Management Specialist positions, which are sometimes described in the record as "corporate intern" positions, were designed to make these and similar positions unavailable to veterans generally. It is unclear whether this argument was raised before the Board. In any event, this argument is without factual support. Petitioner also appears to assert that the decisions not to select him at issue in this case were

motivated by retaliation for his advocacy against certain selection practices by the agency. Because this allegation has not been presented to the Board, we do not consider its merits.

Finally, on appeal, petitioner challenges several decisions of the Board in prior proceedings. In particular, petitioner challenges the AJ's February 24, 2006, decision, which became the decision of the Board upon denial of review on August 10, 2006, that the agency did not breach a settlement agreement entered into with respect to a prior USERRA claim asserted by petitioner. Because petitioner failed to appeal this ruling and the other prior decisions by the Board, these determinations are not properly before this court, and we do not address them.

For the reasons set forth above, we <u>affirm</u>.

No costs.