NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOAN M. YOUNG,**
*Petitioner,*

v.

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2012-3105

---

Petition for review of the Merit Systems Protection Board in No. AT0752090177-X-1.

---

Decided: September 10, 2012

---

JOAN M. YOUNG, of Columbia, Tennessee, pro se.

KIMBERLY I. KENNEDY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before RADER, *Chief Judge*, PROST and REYNA, *Circuit Judges*.

PER CURIAM.

Joan M. Young appeals from certain aspects of the final order of the Merit Systems Protection Board ("Board") affirming that the United States Postal Service ("USPS" or "agency") breached the parties' settlement agreement and ordering specific performance. For the reasons set forth below, we *affirm*.

## I. BACKGROUND

Ms. Young was a rural mail carrier in Columbia, Tennessee prior to November 21, 2008. On that date, the USPS placed her on enforced leave from her position because she was allegedly unable to perform the duties of her regular assignment. On December 30, 2008, she filed an appeal to the Board challenging her placement on enforced leave. The parties, however, reached a written settlement agreement on March 31, 2009.

Through the settlement agreement, the parties agreed that the agency would reinstate Ms. Young if a psychiatrist determined that she was medically capable of returning to her former position. If the examination results reflected that Ms. Young could not return to her former position, the settlement agreement provided that she could accept a position as a clerk in the Murfreesboro, Tennessee Post Office, provided that the position was still available and she was medically able to perform the essential duties of the clerk position. The settlement agreement permitted Ms. Young to either (1) select a psychiatrist at her own expense, or (2) jointly select a psychiatrist with the agency, in which case the agency would pay for the examination.

Ms. Young chose to select a psychiatrist at her own expense and her examination was conducted on April 15, 2009. On that same day, the agency faxed the psychiatrist a letter asking him to evaluate Ms. Young for medical conditions for which she had been previously treated or evaluated. The letter also enclosed medical records and documentation related to her worker's compensation claim. In a letter dated April 27, 2009, the psychiatrist stated that Ms. Young was not capable of returning to her prior position.

On May 14, 2009, Ms. Young filed a petition for enforcement, claiming that the agency's April 15, 2009 fax interfered with the independence of the medical evaluation and breached the settlement agreement. An administrative judge issued an initial decision denying Ms. Young's petition for enforcement on September 11, 2009. Following the denial, Ms. Young successfully petitioned for review and on May 21, 2010, the Board vacated the initial decision and remanded the appeal to the administrative judge for further adjudication. On remand, the administrative judge issued a second initial decision finding that the agency materially breached the settlement agreement by interfering with the independence of the medical evaluation. The administrative judge also recommended specific performance of the settlement agreement.

In a January 11, 2012 opinion, the Board agreed with the administrative judge's finding and recommendation. *Young v. U.S. Postal Serv.*, AT0752090177-X-1 (M.S.P.B. Jan. 11, 2012). Specifically, the Board affirmed that the settlement agreement permitted the agency to communicate with the psychiatrist to the extent necessary to convey the job requirements of Ms. Young's former position, but otherwise precluded the agency from communi-

cating with the psychiatrist. Additionally, the Board affirmed that the agency's April 15, 2009 fax constituted a material breach and ordered specific performance of the settlement agreement.

Despite succeeding before the Board, Ms. Young now challenges several aspects of its decision. In particular, she claims that the Board erred in purportedly adding a "new term" to the settlement agreement allowing the agency to communicate with her psychiatrist to the extent necessary to convey the requirements for her former position. Additionally, she argues that the Board erred in ignoring her request for "guidelines" to govern the agency's communications with her psychiatrist. She also contends that the Board erred in failing to award damages. And lastly, Ms. Young challenges the Board's holding with respect to the date of her retroactive reinstatement, alleging that the Board should have provided a more definite date.

This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

This court's review of a decision of the Board is limited by statute. 5 U.S.C. § 7703(c); *O'Neill v. Office of Pers. Mgm't*, 76 F.3d 363, 364-65 (Fed. Cir. 1996). We may reverse a decision of the Board only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "The interpretation of a settlement agreement is an issue of law. We review the Board's determinations of law for correctness, without deference to the Board's

decision." *King v. Dep't of the Navy,* 130 F.3d 1031, 1033 (Fed. Cir. 1997) (citations omitted).

Having considered all of Ms. Young's arguments, we are not persuaded that the Board erred. To be sure, the settlement agreement is silent on the issue of what communications were permitted between the agency and Ms. Young's psychiatrist. But consistent with the settlement agreement, the examining psychiatrist must be provided the complete description of the requirements and duties of the rural carrier position in order to make the necessary evaluation. Because it is the entity that must determine what the job requirements and duties are in the first place, the agency is in the best position to provide this information. Indeed, Ms. Young has previously recognized this necessity. When she first realized that the agency intended to submit her medical information, Ms. Young wrote a letter giving the agency permission to speak to the examining psychiatrist "only for the purpose of determining the job requirements, standards, and criteria" of a rural mail carrier. *See Young v. U.S. Postal Serv.*, AT0752090177-X-1, slip op. at 5 (M.S.P.B. Jan. 11, 2012). Accordingly, we conclude that the Board correctly interpreted the meaning of the settlement agreement.

With respect to Ms. Young's argument that Board failed to give sufficient guidance, we conclude that the Board sufficiently contained the scope of permissible communication when it explained that:

> The agency may communicate with the examining psychiatrist to the extent necessary to provide the job requirements and standards that the appellant must meet in order to be deemed medically capable of returning to her former position. The agency is otherwise precluded, however, from pre-

senting information regarding the appellant for consideration and evaluation by the examining psychiatrist.

*Id.* at 9.

Ms. Young further argues that the Board erred by failing to award her damages for the cost of the April 2009 examination. She is mistaken. "The Board's authority does not include the award of monetary damages, absent an express waiver of sovereign immunity." *Foreman v. Dep't of Army*, 241 F.3d 1349, 1352 (Fed. Cir. 2001) (citing *Hubbard v. Merit Sys. Prot. Bd.*, 205 F.3d 1313, 1318 (Fed. Cir. 2000)). And although Ms. Young requests a more definite date for her retroactive reinstatement, the Board's order and the settlement agreement are already sufficiently clear to guide the determination of that date at the appropriate time. We also note that pursuant to the Board's order and the settlement agreement, a psychological examination must first establish that Ms. Young is fit for duty.

Because the Board properly interpreted the settlement agreement and its decision is otherwise in accordance with the law, we affirm.

COSTS

Each party shall bear its own costs.

**AFFIRMED**