## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOAN M. YOUNG,
                Appellant,

        v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
AT-0752-09-0177-C-2

DATE: January 9, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joan M. Young</u>, Columbia, Tennessee, pro se.

<u>Dana E. Morris</u>, Esquire, Memphis, Tennessee, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision which granted the agency's petition for enforcement and denied her cross-petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      In our most recent order in this case, the Board denied the appellant's petition for review challenging the validity of a settlement agreement and forwarded both the appellant's and the agency's allegations of noncompliance to the regional office for docketing as cross-petitions for enforcement. *See Young v. U.S. Postal Service*, MSPB Docket No. AT-0752-09-0177-I-1, Final Order at 2 (Feb. 3, 2014). In that order, the Board found the appellant's challenge to the validity of the settlement agreement resolving her enforced leave appeal premature because it focused on the legality of a contingent clause that had not, and may never be, triggered. Final Order at 5. In reviewing the parties' submissions, however, the Board found that both parties alleged that the other was in noncompliance with the primary terms of the settlement agreement, and we forwarded the parties' allegations to the regional office for consideration in the first instance. Final Order at 2, 7.

¶3      Upon receiving the petition and cross-petition for enforcement, the administrative judge took additional argument from the parties and issued a compliance initial decision finding that the agency was in compliance with the

settlement agreement and that the appellant was not in compliance. MSPB Docket No. AT-0752-09-0177-C-2 (C-2), Compliance File (CF), Tab 11, Compliance Initial Decision (CID) at 2. In reaching these findings, the administrative judge rejected the appellant's argument that the agency will breach the terms of the settlement if it submits certain questions to the appellant's forensic psychiatrist concerning her fitness for duty because the questions the agency proposes to submit "are tailored to elicit information from the examining psychiatrist regarding the risk of harm posed by the appellant's performance in the position at issue." CID at 5; C-2, CF, Tab 10 at 10 (listing of agency questions). The administrative judge found this line of anticipated questioning consistent with the Board's prior order which confirmed that, under the terms of the settlement agreement, the agency may communicate with the appellant's examining psychiatrist to the extent necessary to provide the job requirements and standards that the appellant must meet to be deemed medically capable of returning to her former position. CID at 5; *see Young v. U.S. Postal Service*, 117 M.S.P.R. 211, ¶ 20, *aff'd*, 494 F. App'x 65 (Fed. Cir. 2012). In his compliance initial decision, the administrative judge also found that the appellant was not in compliance with the settlement agreement because she had failed to choose a forensic psychiatrist to conduct the independent medical examination within the time period specified by the settlement agreement, and he ordered her to comply with the terms of the settlement agreement by choosing and paying for a forensic psychiatrist and undergoing an independent medical examination within 3 weeks of the order becoming final. CID at 5-7.

¶4      The appellant has filed a petition for review of the compliance initial decision in which she raises several challenges to both the Board's most recent final order and a previous decision issued by the U.S. Court of Appeals for the

Federal Circuit. C-2, Petition for Review (PFR) File, Tab 5 at 15-22.[2] The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply. PFR File, Tabs 10-11.

¶5 We have reviewed both the administrative judge's compliance initial decision and the appellant's petition for review, and we find no reason to disturb the administrative judge's findings that the agency is in compliance with the settlement agreement and that the appellant is not. As suggested above, this is not the first time a petition for enforcement has been filed in this case. The Board has previously found that the agency breached the terms of the settlement agreement by providing certain agency records to the appellant's forensic psychiatrist and interfering with the independent nature of the medical examination. *See Young*, 117 M.S.P.R. 211, ¶¶ 15, 17. In reaching this conclusion, however, the Board specified that the agency was permitted to provide the forensic psychiatrist with agency records "to the extent necessary to provide the examining psychiatrist with the appellant's job requirements and the standards she must meet to be deemed medically capable of returning to her former position." *Id.*, ¶ 14; *see id.*, ¶ 20.

¶6 The administrative judge concluded in the instant petition for enforcement that the agency's proposed questions concerning the appellant's abilities to perform the functions of her former position without creating a substantial risk of harm to herself or others fell within this permissible category of information. CID at 4-5. We agree that these questions address the agency's general "job requirements and standards that the appellant must meet to be deemed medically capable of returning to her former position," *Young*, 117 M.S.P.R. 211, ¶ 20; *see* C-2, CF, Tab 5 at 7, and we find that the appellant has failed to establish that this information interferes with the independence of the medical examination, *see*

---

[2] To the extent the appellant contests the Board's prior final order finding her challenge to the validity of the settlement agreement premature, we find that the appellant has presented no basis for us to reconsider our prior final order. *See* 5 C.F.R. § 1201.118.

*Brown v. U.S. Postal Service*, 88 M.S.P.R. 113, 115 (2001) (the party seeking compliance bears the burden of proof on a petition for enforcement); CID at 5 (citing and discussing the agency's management instruction concerning the scope and purpose of a fitness for duty examination). As the Board previously explained, pursuant to the terms of the settlement agreement, the agency must be allowed to provide some basic information to the appellant's forensic psychiatrist in order for him or her to conduct a meaningful medical examination to determine if the appellant is medically capable of returning to her former position. *See Young*, 117 M.S.P.R. 211, ¶ 14; *see also Young*, 494 F. App'x at 67. We thus concur with the administrative judge that the agency will not breach the settlement agreement by submitting the proposed questions to the forensic psychiatrist. CID at 4-5; *see* C-2, CF, Tab 10 at 10, Tab 5 at 16-17.[3]

¶7        We further agree with the administrative judge that the agency has established that the appellant is in noncompliance with the settlement agreement based upon her failure to select a new forensic psychiatrist and undergo an independent medical examination. CID at 5-6; *see Young*, 117 M.S.P.R. 211, ¶¶ 17, 19 (permitting the appellant to select a new forensic psychiatrist following the agency's breach of the settlement agreement). The record reflects that the appellant has not yet made her selection or undergone the independent medical assessment as outlined in the settlement agreement, and we agree with the administrative judge that the appellant is in noncompliance with the settlement agreement based upon her failure to do so. CID at 5.

---

[3] Although the document containing these questions was discussed at length in the Board's prior Opinion and Order finding the agency in noncompliance, neither the Board nor the Federal Circuit found that the questions contained within this document interfered with the independent nature of the forensic psychiatrist's examination. *See Young*, 117 M.S.P.R. 211, ¶¶ 6, 15 (finding that the agency's identification of specific medical conditions, and its request that the psychiatrist provide a forensic analysis of these conditions, interfered with the medical independence of the fitness for duty examination); *see also Young*, 494 F. App'x at 67. We are not convinced by the appellant's argument on review that this issue has already been resolved by the Board in its prior decisions. *See, e.g.*, PFR File, Tab 5 at 20-21.

¶8      For the aforementioned reasons, the administrative judge's compliance initial decision finding the agency in compliance with the settlement agreement and the appellant in noncompliance with the agreement is AFFIRMED, and the appellant's petition for review is DENIED.  The appellant is hereby ORDERED to choose and pay for a forensic psychiatrist and to submit to an independent medical examination to assess her current medical restrictions within 3 weeks of the date of the Board's order becoming final.  *See Young*, 117 M.S.P.R. 211, ¶¶ 18-20.  The appellant must notify the agency of the forensic psychiatrist's name as soon as the appointment is made and no later than 4 days prior to the date of the appointment.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.