NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOAN M. YOUNG,**
*Petitioner*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent*

---

2015-3095

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-09-0177-C-2.

---

Decided: October 13, 2015

---

JOAN M. YOUNG, Columbia, TN, pro se.

MATTHEW PAUL ROCHE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by REGINALD T. BLADES, JR., ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

---

Before PROST, *Chief Judge,* WALLACH, and TARANTO, *Circuit Judges.*

PER CURIAM.

Joan Young worked as a rural mail carrier for the United States Postal Service. After the Postal Service placed her on enforced leave in 2008, she appealed to the Merit Systems Protection Board, but the parties entered into a settlement agreement before the appeal was heard. In the agreement, Ms. Young promised to select a psychiatrist to examine her to determine whether she could return to work either in her previous capacity or as a clerk at a specified nearby post office. A dispute then arose about enforcing the agreement. In the current round of that dispute, Ms. Young has contended that the Postal Service would breach the agreement if it submitted certain questions to the psychiatrist, and the Postal Service has contended that Ms. Young was out of compliance with the agreement because she had not selected a psychiatrist for the required examination—actually for the required second examination, the Board having earlier found, agreeing with Ms. Young, that the first examination was flawed. The Board ruled that the Postal Service may submit the questions at issue to the psychiatrist and that Ms. Young, by not yet having chosen a psychiatrist for the (second) examination, was out of compliance with her obligations under the settlement agreement. We affirm.

## BACKGROUND

The Postal Service employed Ms. Young as a rural mail carrier at a post office in Columbia, Tennessee. Effective November 21, 2008, the Postal Service placed her on leave from her position, stating that she was unable to perform the duties of her regular assignment. Ms. Young appealed to the Board to challenge the enforced leave as a suspension of more than 14 days. *See* 5 U.S.C. § 7512(2). Before any hearings took place, Ms. Young and the Postal Service entered into a settlement agreement. An administrative judge reviewed the agree-

ment, accepted it into the record for enforcement purposes, and dismissed the appeal on April 2, 2009.

The settlement agreement provides as follows: The Postal Service will reinstate Ms. Young if a psychiatrist, following an independent examination of Ms. Young, states that she is able to return to her former position. If the psychiatrist concludes otherwise, Ms. Young will accept a position as a clerk in the post office at Murfreesboro, Tennessee, if such a position is available and she is able to do the job. Ms. Young may select a psychiatrist on her own, in which case she will pay the psychiatrist, or she may select a psychiatrist jointly with the Postal Service, in which case the Postal Service will pay.

Ms. Young chose the first option, and the selected psychiatrist evaluated her on April 15, 2009. On that date, the Postal Service faxed the psychiatrist a letter, asking him to analyze Ms. Young for specific medical conditions for which she had previously been treated or evaluated. The Postal Service attached various agency records, such as medical reports and information related to a worker's compensation claim. The psychiatrist concluded that Ms. Young was not capable of returning to her position. Ms. Young then filed a petition for enforcement on May 14, 2009, claiming that the fax interfered with the independence of the medical evaluation.

The administrative judge, and the Board on review, interpreted the settlement agreement to permit the Postal Service to give the psychiatrist information about the requirements of Ms. Young's job and the standards she must meet to be medically capable of returning to her position, but not to give the psychiatrist Ms. Young's agency records. The Board ordered the Postal Service to allow Ms. Young to submit a new independent medical examination. Ms. Young appealed to this court, arguing that the Board had added a new term to the agreement by allowing the Postal Service to inform the examining

psychiatrist of the requirements of her former position, and we affirmed. *Young v. USPS*, 494 F. App'x 65, 67 (Fed. Cir. 2012).

On June 19, 2013, Ms. Young filed with the Board a petition for review of the four-year-old initial decision of the administrative judge (dated April 2, 2009) in which the judge had accepted the settlement agreement. In the petition for review, Ms. Young challenged the validity of the agreement. Her challenge centered on a contingency in the settlement agreement, which states that if a psychiatrist determines that she is unable to return to her original position and if the specified alternative position in Murfreesboro is still available at that time, she will accept the Murfreesboro position. The Board rejected the challenge on February 3, 2014, and denied the petition. It reasoned that the challenge was premature, because Ms. Young had yet to receive the agreement-required independent psychiatric evaluation, free of information the Board had earlier held the Postal Service must not provide to the psychiatrist, so that the contingency clause had not yet been triggered.

The Postal Service not only had opposed Ms. Young's petition for review but also had moved to enforce the agreement. The Board forwarded the motion for enforcement to the regional office for adjudication by an administrative judge. In addition, although Ms. Young had not formally filed a petition for enforcement, the Board determined from the record that she was in fact alleging that the Postal Service was not in compliance with the settlement agreement. Therefore, the Board forwarded those allegations to the regional office to be docketed with the forwarded Postal Service enforcement request as a cross-petition for enforcement.

In July 2014, an administrative judge addressed the cross-petitions for enforcement. Although Ms. Young continued to argue about the validity of the settlement

agreement, the administrative judge interpreted her petition for enforcement to concern "the agency's alleged intention to provide the examining psychiatrist with 'questions of such an outrageous, leading and biased nature as to preclude any semblance of fairness in the examination.'" *Young v. USPS*, AT-0752-09-0177-C-2, 2014 WL 3589700, at *2–3 (MSPB July 15, 2014). The Postal Service, for its part, claimed that Ms. Young had not yet complied with the settlement agreement because she had not selected a psychiatrist to conduct the (re)examination.

The administrative judge denied Ms. Young's petition and granted the agency's. The administrative judge determined that the questions the agency planned to provide to the evaluating psychiatrist were proper, coming directly from the Postal Service's fitness-for-duty instructions, which set out the current functional requirements for the position of Rural Carrier. Because those questions were "reasonably calculated to elicit information" necessary to determine whether Ms. Young may return to work, the administrative judge held that the agency's transmittal of such questions would not breach the settlement agreement. *Id.* at *5. On the other hand, the administrative judge concluded, Ms. Young had not complied with the agreement because she neither selected a psychiatrist nor provided a valid excuse for her failure to do so.

Ms. Young petitioned for review by the Board, which denied the petition and affirmed the administrative judge's decision. Although Ms. Young restated her disagreement with the Board's February 2014 decision finding her challenge to the settlement agreement to be premature, the Board noted that the February 2014 decision was final and concluded that Ms. Young had presented no basis to reconsider the final order.

Ms. Young appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; reached in violation of procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Addison v. Dep't of Health & Human Servs.*, 945 F.2d 1184, 1186 (Fed. Cir. 1991). We find no basis for disturbing the Board's decision.

Ms. Young makes numerous arguments regarding the validity of the settlement agreement, the subject of the Board's February 2014 decision. But that decision, denying Ms. Young's petition to review the April 2009 initial decision to accept the settlement agreement, was a final decision under 5 C.F.R. § 1201.113(b). Ms. Young had the opportunity to appeal the final decision to this court within sixty days. 5 U.S.C. § 7703(b)(1)(A). She did not do so, and this court therefore may not consider her arguments. *See Stoots v. Dep't of Def.*, 273 F. App'x 941, 944 (Fed. Cir. 2008); *Monzo v. Dep't of Transp.*, 735 F.2d 1335, 1336 (Fed. Cir. 1984).

The only permissible subject of this appeal is the Board's new enforcement decision, but we find no reversible error in that decision. Although Ms. Young contends that the settlement agreement does not allow any communication between the agency and psychiatrist, that question was settled against Ms. Young by this court's decision in *Young*, 494 F. App'x at 67, which affirmed the Board's decision that "[t]he agency may communicate with the examining psychiatrist to the extent necessary to provide the job requirements and standards that the appellant must meet in order to be deemed medically capable of returning to her former position." That ruling

is binding here. *See Morgan v. Dep't of Energy*, 424 F.3d 1271, 1274 (Fed. Cir. 2005).

To the extent that Ms. Young more narrowly challenges the Board's allowance of the particular questions the Postal Service proposes to transmit to the psychiatrist, we see no error in the Board's determination that the settlement agreement permits those questions—which are "reasonably calculated to elicit information" about the subject of the agreement-required examination, namely, whether Ms. Young is capable of returning to her original position. J.A. 28. The proposed questions are drawn from the Postal Service's fitness-for-duty examination, which the Postal Service uses "to determine whether or not an employee is medically able to perform his or her job responsibilities." J.A. 89. As the administrative judge stated, the fitness-for-duty examination and the medical examination to which Ms. Young agreed are similar in purpose. Ms. Young makes no showing to the contrary.

We also find no error in the Board's separate determination that Ms. Young is not in compliance with the settlement agreement because she has not selected a new forensic psychiatrist and undergone an independent medical (re)examination. Although Ms. Young argues that she diligently searched for a psychiatrist and was in communication with the Postal Service about the examination before filing the June 2013 petition for review, there is no dispute that Ms. Young has not selected a psychiatrist since this court, in 2012, affirmed the Board's decision ordering "the agency to allow [Ms. Young] to submit to a new independent medical examination." J.A. 60; *Young*, 494 F. App'x at 68. Thus, the Board properly concluded that Ms. Young is in violation of the settlement agreement.

CONCLUSION

For the foregoing reasons, the judgment of the Board is affirmed.

No costs.

**AFFIRMED**