NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DORETHA MCDELL,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2017-1345

---

Petition for review of the Merit Systems Protection Board in No. DA-1221-14-0341-B-2.

---

Decided: April 6, 2017

---

DORETHA MCDELL, Arlington, VA, pro se.

AGATHA KOPROWSKI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before REYNA, MAYER, and HUGHES, *Circuit Judges.*

PER CURIAM.

Doretha McDell appeals from a final judgment of the Merit Systems Protection Board approving a settlement agreement and dismissing her appeal as moot. Because the settlement agreement was freely entered into and it resolved all issues on appeal, we affirm.

I

On April 3, 2014, Ms. McDell, a Contract Procurement Analyst with the Army, initiated an individual right of action at the Board. She alleged that the Army took retaliatory actions against her for disclosing contracting and procurement improprieties to the Office of Inspector General, attorneys for the Army, a Member of Congress, and the Government Accountability Office. On February 6, 2015, an Administrative Judge issued an initial decision dismissing the case for lack of jurisdiction.

Ms. McDell appealed to the Board. On June 3, 2015, the Board remanded the case after concluding that Ms. McDell had made a nonfrivolous allegation that her alleged protected disclosures were a contributing factor to the personnel actions taken against her.

On October 31, 2016, the Army and Ms. McDell entered into a negotiated settlement agreement. On November 1, 2016, the Administrative Judge dismissed the appeal after finding that the settlement agreement was "freely reached," and "mutually resolves all disputed issues." Appx. 10.

Ms. McDell appeals the Board's dismissal based on the settlement agreement. We have jurisdiction under 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

II

Our review of Board decisions is limited by statute. Under 5 U.S.C. § 7703(c), we may only reverse a Board decision if we find the decision to be (1) arbitrary, capri-

cious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. *Cleaton v. Dep't of Justice*, 839 F.3d 1126, 1128 (Fed. Cir. 2016). We review the Board's construction of a settlement agreement de novo. *Foreman v. Dep't of Army*, 241 F.3d 1349, 1351 (Fed. Cir. 2001).

Ms. McDell argues that she was "forced to settle[] and stay in hostile working conditions with no monetary settlement." Pet. Br., Question 4. Specifically, she alleges that the agency has "refused to pay compensatory, actual, and consequential damages[,] as well as back pay for misclassification" under the Whistleblower Protection Act of 1989 and the Whistleblower Protection Enhancement Act of 2012. Pet. Br. at 5.

When the Board dismisses an appeal based on the terms of a settlement agreement, we must determine whether the Board abused its discretion in doing so. *See Asberry v. U.S. Postal Serv.*, 692 F.2d 1378, 1380 (Fed. Cir. 1982). To set aside a settlement agreement Ms. McDell must establish that the agreement "is unlawful, was involuntary, or was the result of fraud or mutual mistake." *Sargent v. Dep't of Health & Human Servs.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000). However "[a] bare allegation of coercion is not sufficient to set aside the parties' settlement agreement." *Tiburzi v. Dep't of Justice*, 269 F.3d 1346, 1355 (Fed. Cir. 2001).

First, to the extent Ms. McDell alleges that the settlement agreement is invalid because she did not receive any monetary compensation, the agency was not required to pay Ms. McDell the monetary compensation she now seeks, nor did it agree to such compensation in the settlement agreement. In an individual right of action, the Board may order corrective action if it finds that a protected disclosure was a contributing factor in the personnel action taken. 5 U.S.C. § 1221(e)(1). If the Board

orders corrective action, such corrective action may include "back pay and related benefits . . . any other reasonable and foreseeable consequential damages, and compensatory damages (including interest, reasonable expert witness fees, and costs)." *Id.* § 1221(g)(1)(A)(ii).

Here, however, Ms. McDell entered into a negotiated settlement before the Board issued a final decision on the merits. Because the Board did not determine if her alleged protected disclosure was a contributing factor in the personnel action taken, and, further, did not order corrective action, the agency was not obligated to compensate Ms. McDell. Additionally, the agency did not agree to provide Ms. McDell with monetary compensation in the settlement agreement.

Moreover, the settlement agreement states that "[t]he Appellant [Ms. McDell] and the Agency agree the following is a complete statement of the terms of this Agreement, *reached freely and in good faith*, and in full resolution of all matters raised" in the appeal. Appx. 17 (emphasis added). Therefore, the evidence supports the conclusion that Ms. McDell was not forced to enter into the settlement agreement.

Additionally, to the extent Ms. McDell argues that the settlement agreement did not resolve her whistleblower claims, we disagree. By signing the settlement agreement, Ms. McDell agreed to the "full and complete settlement of the complaint, along with any claims for damages . . . ." Appx. 18. Ms. McDell also agreed to "withdraw and dismiss with prejudice" her appeal "including all counts of retaliations contained therein." *Id.*

Because the settlement agreement was entered into "freely and in good faith" and resolved all disputed issues, the Board did not abuse its discretion in dismissing the appeal based on the terms of the settlement agreement.

**AFFIRMED**

No costs.