NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY JONES,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2025-1822, 2025-1823

---

Petitions for review of the Merit Systems Protection Board in Nos. DE-0752-21-0269-P-1, DE-0752-21-0269-P-2.

---

Decided:  May 13, 2026

---

ANTHONY JONES, Jonesboro, AR, pro se.

JOSHUA DAVID TULLY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before DYK, STOLL, and STARK, *Circuit Judges*.

PER CURIAM.

Anthony Jones petitions for review of a decision of the Merit Systems Protection Board (the "Board") denying additional damages for his improper removal. We *affirm-in-part*, *vacate-in-part*, and remand.

BACKGROUND

Mr. Jones was appointed by the Department of the Army to the position of IT Specialist at a regional cyber center in Germany in 2013. He was subsequently removed from his position on July 1, 2021. Mr. Jones then appealed his removal to the Board, and an Administrative Judge ("AJ") found that Mr. Jones's removal was the result of unlawful whistleblower retaliation. The AJ ordered the agency to cancel Mr. Jones's removal and pay Mr. Jones "the appropriate amount of back pay, with interest and to adjust benefits with appropriate credits and deductions" within 60 days of the order's becoming final. Pet'r's App'x 71.[1] The agency did not petition for review before the Board, and the order became the final decision of the Board on March 17, 2023. The agency did not seek review in our court after the Board's decision became final.

On May 16, 2023, in a separate proceeding, Mr. Jones filed a petition for enforcement, contending that the agency had not yet taken the required actions. Concurrently with his petition for enforcement, Mr. Jones sought additional compensatory and consequential damages in two separate proceedings that are the subject of this case. As for compensatory damages, Mr. Jones sought $9,900,000 in damages, as well as punitive damages, arguing that he was entitled to lost future wages and damages for emotional distress. The AJ concluded that Mr. Jones "is currently employed by the agency in his prior position" and "has not

---

[1]    Citations to "Pet'r's App'x" refer to the Corrected Appendix filed by the Petitioner. Dkt. No. 36.

lost any future wages" because he "can earn those wages . . . as he proceeds through his career." Pet'r's App'x 104. With regard to the emotional distress claim, the AJ found that "[t]he overwhelming majority of the evidence the appellant presented related to his damages predated both the decision to remove him and its implementation," so it could not have been caused by his unlawful removal. Pet'r's App'x 109. However, the AJ found that Mr. Jones made a sufficient showing that he experienced "some emotional distress caused by the removal," *id.*, and awarded $10,000 in compensatory damages. The AJ determined that the Board lacked the authority to award punitive damages.

As for the request for consequential damages, Mr. Jones sought damages related to several categories, including backpay and benefits, past and future wages for a promotion that he believes he should have earned prior to his removal, the purchase of a house in Arkansas with mortgage interest, the utilities on the house in Arkansas for 30 years, his son's schooling, his whistleblowing, and punitive damages. The AJ again concluded that damages related to backpay and benefits would be duplicative of the relief already ordered and that punitive damages were not available. The AJ further concluded that the other alleged damages were either not actually incurred or not reasonably caused by his removal. For example, the AJ found that the house in Arkansas was purchased before the agency proposed Mr. Jones's removal and the alleged damages based on the perceived difference in quality between public schools in Arkansas and the Department of Defense school his son attended in Germany were not recoverable.

Roughly a month later in the separate enforcement proceeding, the AJ ruled on Mr. Jones's petition for enforcement. The AJ agreed that the agency had failed to comply with the order because Mr. Jones had not actually been reinstated or restored and ordered the agency "to cancel the removal and to retroactively restore the appellant."

Pet'r's App'x 166. However, the AJ also concluded that Mr. Jones was not entitled to backpay because he was not "ready, willing, and able" to perform his duties during the relevant time period under 5 C.F.R. § 550.805(c). Pet'r's App'x 156. The AJ additionally found that Mr. Jones's inability to work was not caused by the adverse action itself because the "evidence reflects the appellant was incapacitated from working before the agency decided to remove him." Pet'r's App'x 162.

Mr. Jones petitioned for review of all three decisions with the Board. The Board issued a final order denying the petitions for review as to the compensatory and consequential damages decisions, affirming both decisions in a single order. In a separate order in the enforcement proceeding, the Board affirmed the AJ's findings that Mr. Jones was not ready, willing, and able to work during the period between his removal and purported reinstatement and that his incapacity was not caused by the unlawful termination. That proceeding is not yet final.

Mr. Jones petitions for review of the compensatory and consequential damages decisions. We have jurisdiction under 28 U.S.C. § 1295(a)(9).[2]

---

[2] The agency previously moved to dismiss this appeal, arguing that Mr. Jones's petition was untimely under 5 U.S.C. § 7703(b)(1)(A) because the Board issued its final order on March 28, 2025, but Mr. Jones's petition was received on May 28, 2025, one day after the statutory deadline. Dkt. No. 9. We denied the motion without prejudice and allowed the parties to raise the issue in their briefs, noting that the agency's motion did not address the Certificate of Service indicating that the Board did not serve its final order on Mr. Jones until March 31, 2025. Dkt. No. 13. The agency did not raise the issue in its Response Brief, so we need not address it. *See Harrow v. Dep't of Def.*,

## DISCUSSION

We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see, e.g.*, *Foreman v. Dep't of the Army*, 241 F.3d 1349, 1351 (2001).

Mr. Jones primarily argues (1) that he has not been reinstated or received any backpay, so he was entitled to receive back pay and future pay as compensatory and consequential damages under 5 U.S.C. § 1221(g)(1)(A)(ii); and (2) that he was entitled to other claimed damages. The AJ did not err in concluding that the award of the second category of damages would be inappropriate, and we affirm the Board's decision in this respect. However, as to the first category, the decision here appears to overlap with the enforcement decision. In the AJ's decision on compensatory and consequential damages, the AJ relied on a factual finding that Mr. Jones *had* been reinstated, but this was contradicted by the finding in the enforcement proceedings that Mr. Jones had *not* been reinstated. This question of reinstatement, and the question of whether Mr. Jones is entitled to backpay because he was not ready, willing, and able to work (which was not attributable to his termination), remain the subject of the enforcement petition, which is not before us in this appeal.

If Mr. Jones is reinstated in the enforcement proceeding, there will be no basis for future wages damages. If at the time of his removal he was not ready, willing, and able to work for reasons unrelated to his removal, he would not be entitled to backpay. *See* 5 C.F.R. § 550.805(c). In the

---

601 U.S. 480, 482 (2024) (noting that § 7703(b)(1)(A)'s statutory deadline is not jurisdictional).

event that he is not reinstated, Mr. Jones could potentially seek damages based on lost future earnings if he can establish that the lost future earnings were caused by the unlawful termination. *See Perlick v. Dep't of Veterans Affs.*, 104 F.4th 1326, 1333 (Fed. Cir. 2024). Although the Board has already found that his incapacity arose prior to his removal and was not caused by the unlawful termination, that decision is not final.

Therefore, we find that the proper course is to vacate the Board's decision solely with respect to Mr. Jones's claim for compensatory damages for lost future earnings and his claim for consequential damages for backpay and benefits. We remand so that these proceedings be consolidated with the enforcement proceedings and the factual questions regarding whether Mr. Jones has been reinstated and is entitled to backpay or future wages may be resolved consistently in a single proceeding.

There remains one other issue that requires comment. Both in his brief to this court and in his prior motion for sanctions, Mr. Jones included citations that appear to reference cases that do not exist, or at the least contain significant errors, apparently resulting from the use of artificial intelligence. *See, e.g.*, Pet'r's Br. 20 (purporting to cite *Riley v. Dep't of Veterans Affs.*, 64 M.S.P.R. 42, 44–46 (1994), which does not appear to exist); Dkt. No. 14 at 13 (citing *Lipscomb v. Dep't of the Army*, 301 F.3d 1356 (Fed. Cir. 2002), which does not appear to exist); Resp't's Br. 10–11 & n.5 (listing other apparently fraudulent citations). Mr. Jones does not attempt to explain or justify the inclusion of these citations in his filings before this court in his reply. The use of these false citations is sanctionable, and repetition of this conduct can result in serious consequences, potentially including dismissal of his petition for review.

We have considered Mr. Jones's remaining arguments and find them unpersuasive.[3]

### AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED

#### COSTS

No costs.

---

[3]    Mr. Jones has filed motions to take judicial notice of documents that he argues demonstrate that the government failed to provide him the compensation awarded by the Board.  Dkt. Nos. 45, 53.  The motions are denied as moot.