# In the United States Court of Federal Claims

No. 14-957 C
(Filed UNDER SEAL March 17, 2015)
Publicly Reissued April 10, 2015

| | | |
|---|---|---|
| TRACEY SWOPE, | | ) |
| | Plaintiff, | ) |
| v. | | ) |
| | | ) |
| THE UNITED STATES, | | ) |
| | Defendant. | ) |
| | | ) |

## ORDER

Plaintiff filed suit against the government, alleging that the government breached a settlement agreement entered into by the parties to resolve a dispute regarding plaintiff's employment with the Department of Veteran's Affairs in Durham, North Carolina. *See* Doc. 1 at 2. On December 8, 2014, the government filed a motion to dismiss plaintiff's case, alleging that this court lacks jurisdiction to decide the matter. *See* Doc. 6 at 5.

Plaintiff was employed as a Prosthetic Representative Supervisor for the Department of Veteran's Affairs from September 7, 2004, until about December 1, 2011. *See* Doc. 1 at 2-3. On May 9, 2012, the parties entered into an agreement to settle an employment dispute. *See id.* at 2. As part of the settlement agreement, plaintiff was allowed to voluntarily resign, and the agency agreed to expunge the documentation in her employment records indicating that she was resigning in response to notification of an adverse action. *See id.* at 2-3. In addition, the agency agreed to provide her with a neutral reference letter. *See* Doc. 7 at 4-5. Plaintiff alleges that the documentation in her file was not timely expunged, and as a result, she was unable to obtain employment for a period of two years. *See* Doc. 1 at 3.

The government's argument that plaintiff's claims should be dismissed is based on the terms of the settlement agreement, which provides, in relevant part:

> This agreement is made part of the MSPB record of this appeal and will
> be enforceable as such. The MSPB shall have continuing jurisdiction
> to determine if any party has been in breach of the agreement and the

rights to which the non-breaching party may be entitled to including permitting Appellant to continue the above-captioned appeal.

*See* Doc. 7 at 6. The government contends that, pursuant to this provision, the MSPB, or Merit Systems Protection Board, retains exclusive jurisdiction over any dispute arising from the settlement agreement. *See* Doc. 6 at 8-12. The government also asserts that this court lacks jurisdiction because, based on the same provision, money damages are unavailable for any alleged breach. *See* Doc. 12 at 17-18.

In response, plaintiff argues that the MSPB does not have exclusive jurisdiction, *see* Doc. 11 at 15, and that monetary damages are an appropriate and available remedy for the government's breach, *see id.* at 16.

## I.    STANDARD OF REVIEW

The government styles its motion as a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, a motion to dismiss for failure to state a claim on which relief may be granted. *See* Doc. 6. Neither the initial brief, nor the reply in support of the motion, make any substantive argument on the basis that plaintiff fails to state a claim. *See* Docs. 6, 12. As such, the court will only analyze the government's position as a challenge to its jurisdiction.

Plaintiff bears the burden to demonstrate, by a preponderance of the evidence, that the court has jurisdiction to hear her case. *Brandt v. United States,* 710 F.3d 1369, 1373 (Fed. Cir. 2013). Here, plaintiff has alleged that the court has jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), which states that:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Because the Tucker Act is not itself a substantive basis for relief, plaintiff "must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages." *Stevens v. United States*, 118 Fed. Cl. 707, 710-711 (2014) (citing *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). In this case, plaintiff claims that she

is owed damages for the government's breach of the contract she entered into to settle her employment related claims against the Department of Veteran's Affairs. *See* Doc. 1 at 2, 5.

"In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States,* 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995)). But if the court lacks subject matter jurisdiction, it must dismiss the case. *See Rebish v. United States*, No. 14-1022C, 2015 WL 868925, at *2 (Fed. Cl. Feb. 27, 2015) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)).

## II. THE SETTLEMENT AGREEMENT DOES NOT PROVIDE FOR EXCLUSIVE JURISDICTION WITH THE MSPB

The government claims that the express language of the settlement agreement places exclusive jurisdiction over this dispute with the MSPB. In particular, the government emphasizes the word "shall" to indicate that the MSPB's exclusive jurisdiction is mandatory. *See id.* 6 at 11. The court agrees that the word "shall" indicates the mandatory nature of its subject. But in this case, the language of the agreement simply says that the MSPB "shall have" jurisdiction, not that it "shall have" exclusive jurisdiction.

The government supports its argument by pointing to *Outlaw v. United States*, 116 Fed. Cl. 656 (2014). The agreement language in the *Outlaw* case, however, undercuts its position. In *Outlaw*, the court held that it lacked jurisdiction to consider plaintiff's claim for damages resulting from the government's breach of a settlement agreement because the language of the agreement provided that the "sole remedy for an alleged agency breach of this Settlement Agreement is to request that the terms of the Settlement Agreement allegedly breached be implemented." *Outlaw*, 116 Fed. Cl. at 663. The term "sole" used in the *Outlaw* agreement dictates the exclusivity that is lacking in the agreement at issue here.

The settlement agreement is an express contract between plaintiff and the United States, and the terms of the agreement do not divest the court of jurisdiction. The court will consider plaintiff's case so long as the substantive basis for her claim is money-mandating.

## III. MONETARY DAMAGES ARE AN APPROPRIATE REMEDY FOR PLAINTIFF'S ALLEGED INJURY

Despite the fact that the settlement agreement is a contract between plaintiff and the United States, the breach will only give rise to Tucker Act jurisdiction if the plaintiff can "demonstrate[e] that the agreement[ ] could fairly be interpreted as contemplating money damages in the event of a breach." *Holmes v. United States*, 657 F.3d 1303, 1315 (2011). Generally, there is a presumption that damages are available for a breach of contract. *See id.* at 1314. However, "[a] settlement that involved 'purely non-monetary relief'—such as a transfer from one office to another—would not suffice for establishing Tucker Act jurisdiction." *Cunningham v. United States*, 748 F.3d 1172, 1176 (2014).

Here, the government argues that the settlement agreement does not contemplate money damages because plaintiff "explicitly agreed to provide the MSPB with continuing jurisdiction," and that the "MSPB does not provide monetary remedies in breach of contract cases." *See* Doc. 12 at 17. Because the MSPB does not have exclusive jurisdiction in the case, this reasoning is unpersuasive.

In addition, the Federal Circuit has held that the money-mandating requirement is met when the agreement at issue is meant "to prevent [the former employee] from being denied future employment," because such an agreement "inherently relate[s] to monetary compensation through [the employee's] future employment." *See Holmes*, 657 F.3d at 1316. In *Holmes v. United States*, the Circuit concluded that the settlement agreement contemplated money damages because in it the government had agreed to expunge the plaintiff's disciplinary record and provide him with a neutral reference. *See id.* In *Cunningham v. United States*, the Circuit held that the agreement contemplated money damages because it "limited what information OPM could disclose and required OPM to remove [plaintiff's] termination letter from his personnel file." 748 F.3d at 1177. Similarly, in this case, the government agreed both to recode plaintiff's employment documentation to indicate that she had voluntarily resigned, and to provide her with a neutral reference letter.

The only basis on which the government distinguishes *Holmes* or *Cunningham*, aside from its previously dispatched argument relating to MSPB jurisdiction, is its argument that plaintiff in this case limited her future employment options in ways that the plaintiff in *Cunningham* did not. *See* Doc. 12 at 14. The government posits that plaintiff's case is more like *Outlaw*, in that Mr. Outlaw agreed to retire from federal service, and plaintiff agreed not to seek employment in

the "Mid-Atlantic region of the [Department of Veteran's Affairs] for thirty years." *See* Doc. 12 at 16. The court disagrees. Agreeing to avoid one region of one agency simply is not analogous to retirement.

The court finds that the terms of the settlement agreement were meant to prevent plaintiff from being denied future employment outside of the Mid-Atlantic region of the Department of Veterans Affairs. And because there is no language in the agreement that specifically limits the availability of money damages in the event of a breach, that finding is a sufficient basis for this court's jurisdiction under Federal Circuit precedent.

The government's motion to dismiss is **DENIED.**

**SO ORDERED.**

s/James F. Merow
James F. Merow
Senior Judge