NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CONRADO A. PADUA,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2016-1080

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-15-0399-I-1.

---

Decided: April 12, 2016

---

CONRADO A. PADUA, San Antonio, Zambales, Philippines, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM; PAUL ST. HILLAIRE, Office of the General Counsel, Office of Personnel Management, Washington, DC.

---

Before PROST, *Chief Judge*, NEWMAN and LOURIE, *Circuit Judges.*

PER CURIAM.

Conrado Padua appeals the final decision of the Merit System Protections Board ("Board"), affirming the dismissal of his claim under the doctrine of res judicata. For the reasons discussed below, we affirm.

BACKGROUND

From May 27, 1968, through October 12, 1977, Mr. Padua occupied a series of excepted service, not to exceed, appointments at the United States Naval Communications Station in San Miguel, Zambales, Philippines. On June 6, 1978, Mr. Padua received an excepted service, not to exceed, appointment from the United States Navy at Subic Bay, Philippines as an electronics technician. Five months later, this position was converted to an indefinite appointment in the excepted service. Mr. Padua remained in this position until January 17, 1984. None of Mr. Padua's appointments included a retirement plan.

On May 21, 2008, Mr. Padua submitted a request to the Office of Personnel Management to make a deposit into the Civil Service Retirement System. Mr. Padua also submitted an undated application for a retirement annuity. In his submissions, Mr. Padua explained that he was entitled to retirement benefits based on his Federal service from 1968 through 1979.

Finding that Mr. Padua was not in a position covered under the Civil Service Retirement System, the Office of Personnel Management denied his request. Mr. Padua appealed this determination to the Board. In an initial decision, the Board affirmed the denial and found that Mr. Padua never occupied a position that was covered under the Civil Service Retirement System. Consequently, Mr. Padua was not entitled to make a deposit, or to

receive a retirement annuity. In addition, the Board noted that 5 C.F.R. § 831.303(a), which provides for a reduced annuity in cases where an employee opts not to complete a deposit, did not provide an alternate way for Mr. Padua to become entitled to an annuity. The initial decision became final on April 17, 2013.

On October 1, 2013, Mr. Padua submitted a new application for a retirement annuity based on his appointment at the United States Naval Communications Station between 1968 and 1977. In response, the Office of Personnel Management issued an Initial Decision in which it found that Mr. Padua had not occupied a position covered under the Civil Service Retirement Act and denied Mr. Padua's request. Mr. Padua requested reconsideration of the decision. On February 9, 2015, after review, the Office of Personnel Management affirmed its previous decision. Mr. Padua appealed the final decision to the Board.

On appeal, the Board issued an Order to Show Cause in which it instructed Mr. Padua to explain how his October 1, 2013, application to the Office of Personnel Management presented issues different from the issues in his earlier May 21, 2008, application, and why his appeal should not be barred under the doctrine of res judicata. Mr. Padua responded that the issue in his first submission was whether he was eligible to make a deposit into the Civil Service Retirement System in order to receive an annuity. Citing 5 C.F.R. § 831.303(a), Mr. Padua explained that the issue in his subsequent submission was whether he was eligible for a reduced annuity absent any deposit.

After considering Mr. Padua's response, the Board determined that his appeal was barred under the doctrine of res judicata because the issues on appeal were issues that had been, or could have been, considered in his previous

submissions to the Office of Personnel Management. Consequently, the Board dismissed the appeal.

Mr. Padua petitioned for review of the Board's decision. After review, the Board affirmed the dismissal. This appeal followed.

DISCUSSION

Our review of the Board's decision is limited by statute. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). A party asserting res judicata must demonstrate "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *Carson v. Dep't of Energy*, 398 F.3d 1369 (Fed. Cir. 2005). Two causes of action are considered the same when they are based on the same underlying facts. *See Cunningham v. United States*, 748 F.3d 1172, 1179 (Fed. Cir. 2014) (citing *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2005)).

Here, there is no dispute that the Board had jurisdiction over Mr. Padua's original appeal and that the Board decided that appeal on the merits. There is also no dispute that Mr. Padua's original appeal to the Board and this case involve the same parties, namely Mr. Padua and the Office of Personnel Management. Therefore, Mr.

Padua's appeal will be barred under the doctrine of res judicata if the current appeal and the original appeal are based on the same underlying facts.

Mr. Padua makes two arguments as to why the current appeal is different from the original appeal. Mr. Padua asserts that he is now seeking benefits for the period of service between 1968 and 1977, as opposed to his entire period of service. Mr. Padua also argues that the Board never considered Mr. Padua's eligibility under 5 C.F.R. § 831.303(a) in the first appeal.

First, Mr. Padua's initial submissions to the Office of Personnel Management covered the entire period of his service between 1968 and 1979. In Mr. Padua's original appeal, the Board determined that he was not eligible for a retirement annuity because none of the positions he occupied during that time were covered under the Civil Service Retirement System. In making this determination, the Board necessarily examined Mr. Padua's service between 1968 and 1977. Thus, the issues before the Board in Mr. Padua's original appeal and the issues in this case are based on the same underlying facts.

Second, contrary to Mr. Padua's assertion, in its prior decision, the Board explicitly discussed his eligibility under 5 C.F.R. § 831.303(a). Consequently, the Board addressed the same issue now presented in this appeal.

Because the same underlying facts and the same issues were before the Board in Mr. Padua's first appeal, Mr. Padua's current appeal is based on the same cause of action as the first appeal. Therefore, the Board did not abuse its discretion or otherwise err in its determination that Mr. Padua's appeal was barred under the doctrine of res judicata.

### CONCLUSION

For the foregoing reasons, we affirm the Board's decision and deny Mr. Padua's request for remedies.

## AFFIRMED

### COSTS

Each party shall bear their own costs.