# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Nexagen Networks, Inc. | ) | ASBCA No. 60641 |
| | ) | |
| Under Contract No. W15P7T-13-D-E077/KX01 | ) | |

APPEARANCES FOR THE APPELLANT:  David A. Rose, Esq.
 Rose Consulting Law Firm
 Valdosta, GA

 Kendall R. Enyard, Esq.
 Caitlin T. Conroy, Esq.
 Steptoe & Johnson LLP
 Washington, DC

APPEARANCES FOR THE GOVERNMENT:  Scott N. Flesch, Esq.
 Army Chief Trial Attorney
 Dana J. Chase, Esq.
 Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE O'CONNELL ON THE GOVERNMENT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Army has filed its second motion for partial summary judgment. In *Nexagen Networks, Inc.*, ASBCA No. 60641, 19-1 BCA ¶ 37,258, the Board granted the government's first motion for summary judgment in part with respect to the majority of the damages sought in Nexagen's claim for consequential damages. In its new motion, the Army contends: 1) that appellant's claim is barred by the doctrine of res judicata as a result of the Court of Federal Claims' decision in *Nexagen Networks, Inc. v. United States*, 124 Fed. Cl. 645 (2015); and 2) the damages Nexagen seeks for the task order option year are too remote and uncertain to be recoverable.

Nexagen has filed a lengthy opposition in which it disputes some of the government's proposed facts and proposes 96 additional facts, and contests the government's legal arguments. The government has not filed a reply brief or otherwise disputed any of Nexagen's 96 proposed findings. Because the Board believes it is not necessary for purposes of the pending motion to detail Nexagen's proposed findings, it suffices to state that Nexagen has a long list of grievances with respect to the government's handling of the task order.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

A longer description of Nexagen's claims is included in the Board's first opinion in this appeal (*Nexagen*, 19-1 BCA ¶ 37,258). The Board supplements the facts from that opinion where necessary, including with facts drawn from the Court of Federal Claims' opinion, which has not been appealed and is now final.

As described in the Board's first decision, in May 2013 the Army awarded Nexagen a multiple award indefinite-delivery/indefinite quantity contract to provide software and systems engineering services. The appeal arises from a task order for data strategy service and software support awarded in February 2015. The task order contained base and option years and provided that "[t]he Government reserves the right to exercise the option pursuant to FAR 52.217-9, 'Option to Extend the Term of the Contract' found in Section I of the basic contract." (R4, tab 2 at 2) This clause provides that the government "may" exercise the option but must give the contractor notice at least 60 days before the contract expires. However, even if the government gives this notice, it is not obligated to exercise the option. FAR 52.217-9(a).

As related in our first opinion, on May 4, 2015, (that is, during the base year) the contracting officer terminated the task order for default. He changed it to a termination for convenience less than two weeks later. *Nexagen*, 19-1 BCA ¶ 37,258 at 181,325; (R4, tab 13-15).

On May 6, 2015, a different contracting officer canceled the task order because she had concluded that material flaws in the evaluation record made a re-evaluation and subsequent award impossible. The Army subsequently issued a new task order request. *Nexagen*, 124 Fed. Cl. at 649-50; (R4, tabs 60-61).

On June 26, 2015, Nexagen filed a complaint at the Court of Federal Claims. The action was in part a bid protest challenging the decision to issue a new task order, and in part a claim for damages arising from the canceled task order. *Nexagen*, 124 Fed. Cl. at 652-54.

On August 1, 2015, Nexagen for the first time submitted a certified claim to the contracting officer seeking $40,244,379.94 related to the termination and an alleged breach of the contract. The contracting officer notified Nexagen two weeks later that she did not possess jurisdiction to consider the claim due to the pending action at the Court of Federal Claims. *Nexagen*, 124 Fed. Cl. at 649, 652.

On December 21, 2015, the Court dismissed Nexagen's claim for damages for lack of jurisdiction because it had not submitted a claim to the contracting officer before it filed suit. The Court further ruled that, to the extent that the action could be read to challenge the termination for default, that claim was moot due to the

2

contracting officer's conversion of the termination to one for the convenience of the government prior to Nexagen filing the law suit.* *Nexagen*, 124 Fed. Cl. at 652-54.

On December 22, 2015, Nexagen submitted to the contracting officer the claim at issue in this appeal (R4, tab 20). It sought $37,597,526.94 for "Compensatory Consequential Damages: Breach of implied covenant of good faith and fair dealing," and $2,646,853 for "Compensatory Expectation Damages: Breach of contract based upon wrongful termination" (*id.* at 9). The contracting officer denied the claim except for a prorated fee (profit) on the base year of $151,424.54 (R4, tab 22). Nexagen timely appealed this decision to the Board.

## DECISION

I.    *Nexagen's Claim is Not Barred by the Doctrine of Res Judicata*

After the Board's decision on the government's first summary judgment motion, Nexagen's $2,646,853 claim for expectation damages remained pending. With respect to Nexagen's consequential damages claim, $7,409,260 remained pending. The government contends that these claims are barred by the doctrine of res judicata based on the Court of Federal Claims opinion described above.

A claim is barred by res judicata when "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Cunningham v. United States*, 748 F.3d 1172, 1179 (Fed. Cir. 2014) (citation omitted). The second prong of this test is clearly a problem for the government because the Court of Federal Claims dismissed Nexagen's money claim for lack of jurisdiction. *Nexagen*, 124 Fed. Cl. at 652.

The government points to the section of the Court of Federal Claims opinion where it stated that it possesses jurisdiction to consider challenges to default terminations. While that is correct, the Court never reached the merits of the termination because it observed that the contracting officer had already provided the only relief it could have awarded – conversion to a termination for convenience. This was the only relief that the Court believed it could provide because a challenge to a termination for default (a government claim) does not grant the Court jurisdiction to consider a money claim that the contractor failed to submit to the contracting officer. *Nexagen*, 124 Fed. Cl. at 652-54; *DePonte Investments, Inc. v. United States*, 54 Fed. Cl. 112, 115 (2002).

---

* The Court also dismissed Nexagen's challenge to the corrective action for lack of jurisdiction. *Nexagen*, 124 Fed. Cl. at 654.

Based on its determination that there was no relief it could provide, the Court dismissed as moot the portion of the complaint raising allegations challenging the termination. *Nexagen*, 124 Fed. Cl. at 654. The government contends that this was an adjudication on the merits of Nexagen's claim that the termination was wrongful (gov't mot. at 9) and, therefore, it bars litigation of Nexagen's claim that it is entitled to damages as a result of a wrongful termination. The government does not cite precedent supporting its position.

As the Supreme Court has explained, "[a] case that becomes moot at any point during the proceedings is 'no longer a 'Case' or 'Controversy' for purposes of Article III,' and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). Because the contracting officer converted the termination to one for the convenience of the government before Nexagen filed suit, *Nexagen*, 124 Fed. Cl. at 649, there never was a case or controversy related to the termination, or a money claim, for which the Court possessed jurisdiction and there can be no judgment on the merits. Accordingly, the government's contention that the Court's decision on the default termination bars future litigation of Nexagen's money claim based on res judicata, is incorrect.

II.     *The Government is not Entitled to Summary Judgment on the Option Year*

The Board's initial decision in this matter highlighted the challenges that Nexagen faces in recovering on its claim for a wrongful termination for convenience. As we stated, a termination for convenience is conclusive unless the contractor can show a clear abuse of discretion or that the government acted in bad faith. *Nexagen*, 19-1 BCA ¶ 37,258 at 181,328 (citing *T&M Distributors, Inc. v. United States*, 185 F.3d 1279, 1283 (Fed. Cir. 1999)). A similar standard applies with respect to a decision not to exercise an option. *Nexagen*, 19-1 BCA ¶ 37,258 at 181,329 (citing *IMS Engineers-Architects, P.C.*, ASBCA No. 53471, 06-1 BCA ¶ 33,231, at 164,674, *recon. denied*, 07-1 BCA ¶ 33,467, *aff'd*, *IMS Engineers-Architects, P.C. v. Geren*, 274 F. App'x. 898 (Fed. Cir. 2008)).

The Board's first decision observed that the contracting officer terminated the task order seven months before the deadline for the preliminary notice to exercise the option. This was far enough in the future that the Board was uncertain as to whether we should treat the option like a claim for damages on a future contract, which is considered too remote and speculative to award damages. Because the parties had not addressed the option year in their briefs, the Board declined to rule. *Nexagen*, 19-1 BCA ¶ 37,258 at 181,328-29.

In its new motion, the government cites *Operational Services Corporation*, ASBCA No. 38703 *et al.*, 93-3 BCA ¶ 26,190, in which the government terminated for convenience a contract two months into the performance of the first of two option

4

years. The Board ruled in favor of appellant on entitlement, finding that it had proven that the government had acted in an arbitrary and capricious manner. The Board held, however, that the appellant's damages would be limited to the first option year because there was no assurance that the government would exercise that option, nor was there any right of appellant to insist that the government exercise it. *Id.*, 93-3 BCA ¶ 26,190 at 130,374.

While *Operational Services Corporation* is consistent with the government's position, the Board declines to enter summary judgment in its favor. The Board issued the decision in *Operational Services* after a hearing. *Operational Services*, 93-3 BCA ¶ 26,190 at 130,374. The record in this appeal is not as developed. For one thing, Nexagen has disputed some of the government's proposed findings of fact. Further, the government has not responded to Nexagen's lengthy counter statement of facts, which alleges facts that, according to Nexagen, demonstrate bad faith or an abuse of discretion. The Board believes that a hearing with witness testimony subject to cross examination will be necessary to resolve the factual disputes. In a context where a hearing is already necessary to determine whether Nexagen can demonstrate an abuse of discretion or bad faith during the base year, the Board believes that there will be little additional burden on the parties to introduce evidence concerning the option year.

The Board denies the government's motion with respect to the option year.

## CONCLUSION

The government's motion for summary judgment is denied.

Dated: February 5, 2020

_____
MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

5

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60641, Appeal of Nexagen Networks, Inc., rendered in conformance with the Board's Charter.

Dated:


PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals