NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MATTHEW T. CRUMLEY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1232

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-00976-EGB, Senior Judge Eric G. Bruggink.

---

Decided: November 8, 2022

---

MATTHEW LEO EANET, Eanet, PC, Los Angeles, CA, for plaintiff-appellant.

EBONIE I. BRANCH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, LOURIE and PROST, *Circuit Judges*.

PROST, *Circuit Judge*.

Matthew T. Crumley appeals an order of the U.S. Court of Federal Claims dismissing his complaint as barred by claim preclusion.  We affirm.

## BACKGROUND

### I

On November 20, 2010, Mr. Crumley—then an active-duty officer in the U.S. Air Force—was performing Honor Guard duties at a funeral when he stepped on artificial turf that, unbeknownst to him, covered an open grave.  Injured in the fall, Mr. Crumley sought medical and legal assistance at Hanscom Air Force Base.  On December 21, 2010, Mr. Crumley received a Letter of Admonishment ("LOA") for allegedly disrespectful and uncooperative behavior during his interactions with Hanscom personnel.  The LOA became the basis of an Unfavorable Information File ("UIF") placed in Mr. Crumley's official military personnel file.  Mr. Crumley also received a Referral Education/Training Report ("Training Report") dated August 2011, which noted his "disrespectful and unprofessional behavior" toward Hanscom personnel "for which he received a[n] [LOA]." App'x[1] 65.

In 2011, the Air Force conducted a reduction in force ("RIF").  In the September to October 2011 timeframe, the RIF Retention Board non-selected Mr. Crumley for retention.  He received an honorable discharge effective March 1, 2012.

---

[1]    "App'x" refers to Mr. Crumley's Appendix.

## II

On December 21, 2012, Mr. Crumley applied to have the Air Force Board for the Correction of Military Records ("Board") remove the LOA, UIF, and negative language in the Training Report from his records. The Board denied Mr. Crumley's application. Mr. Crumley then sought review by a special board under 10 U.S.C. § 1558. The special board likewise denied Mr. Crumley's requested relief.

On March 28, 2016, Mr. Crumley brought an action in the Court of Federal Claims for wrongful discharge—seeking reinstatement, correction of his military records, and back pay. *Crumley v. United States*, 133 Fed. Cl. 607, 609, 613 (2017) ("*Crumley II*").[2] He alleged that the LOA, UIF, and Training Report suffered from various procedural defects and that the RIF Retention Board improperly considered them. *Id.* at 612. The government moved for judgment on the administrative record, and the Court of Federal Claims granted it. The court determined that "[t]he procedural defects [that Mr.] Crumley has alleged are immaterial to the . . . special board's decision." *Id.* According to the court:

> [Mr.] Crumley had notice, multiple chances to respond, a clear understanding of the contents of the LOA, UIF, and [Training] Report, and suffered no substantial deprivation of rights as a result. Accordingly, [he] has failed to show that the . . . special board's decision was arbitrary, capricious, contrary to law, or unsupported by substantial evidence. The RIF [Retention] [B]oard properly

---

[2] The Court of Federal Claims had previously dismissed an earlier-filed complaint for lack of jurisdiction because Mr. Crumley had not yet sought special-board review. *Crumley v. United States*, 122 Fed. Cl. 803 (2015) ("*Crumley I*").

> considered the LOA, UIF, and [Training] Report
> and was well within its discretion to non-select
> [Mr.] Crumley for retention.

*Id.* at 613.  Mr. Crumley appealed the Court of Federal Claims' judgment to this court, and we affirmed.  *Crumley v. United States*, 738 F. App'x 1020 (Fed. Cir. 2018) ("*Crumley III*") (nonprecedential).

## III

In July 2019, Mr. Crumley again applied for Board correction of his military records.  He asserted that, while litigating *Crumley II*, he learned that the Training Report "never actually became a part of" his official military personnel file and was therefore "erroneously considered by the RIF Retention Board."  App'x 78.  The Air Force Evaluation/Recognition Programs Administrator prepared an advisory opinion dated May 25, 2020, that recommended denying the application, and on May 26, 2020, the Board informed Mr. Crumley that he had thirty days to comment on the advisory opinion or provide additional evidence supporting his request.  Mr. Crumley maintains that he timely commented on the advisory opinion via written correspondence dated June 25, 2020 (still within the thirty-day window).  Appellant's Br. 20 (citing App'x 94–97).  Regardless, on June 3, 2020—before the comment window closed—the Board considered his application in an executive session and voted against correcting the record.  And, on July 15, 2020, the Board issued its final decision, denying Mr. Crumley's application for the reasons set forth in the advisory opinion while maintaining that it had not received comments from Mr. Crumley regarding the advisory opinion.

In February 2021, Mr. Crumley brought another action in the Court of Federal Claims—again for wrongful discharge, and again seeking reinstatement and back pay. This time, however, he alleged—as examples of procedural defects justifying his requested relief—both that (1) the

Training Report was never in his official military personnel file, so the RIF Retention Board improperly considered it; and (2) the Board prematurely denied his July 2019 application by failing to wait for and consider his timely comments on the advisory opinion. The government moved under Court of Federal Claims Rule 12(b)(6) to dismiss the complaint as barred by claim preclusion based on the final judgment in *Crumley II*.

The Court of Federal Claims agreed with the government and dismissed the complaint as barred by claim preclusion. It first set forth the three requirements for claim preclusion—that (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first (i.e., the claims share a common "nucleus of operative facts"). *Crumley v. United States*, No. 21-976C, 2021 WL 4438547, at *4 (Fed. Cl. Sept. 28, 2021) ("*Crumley IV*") (citing *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003)). Because Mr. Crumley did not dispute that the first two requirements were met, the court focused on the third: whether the instant claim shared a common nucleus of operative facts with that in *Crumley II*. The court concluded that it did:

> In both cases, [Mr.] Crumley alleged facts that relate to the same series of events, which occurred at the same time and which are all related in origin. The facts alleged here and in *Crumley II* are based upon the RIF [Retention] Board's review of his military record, including the LOA, UIF, and Training Report, the [RIF Retention Board]'s decision to non-select him for retention, and the [Board]'s denial of his request for relief from discharge. Further, in both cases, plaintiff sought the same relief: reinstatement, correction of his military records, and back pay.

*Id.*

The Court of Federal Claims also rejected Mr. Crumley's argument that, because the alleged facts concerning consideration of the Training Report and premature denial of the July 2019 application were discovered or arose after his initial complaint in *Crumley II*, claim preclusion should not apply. The court acknowledged that "new facts that are materially relevant to the claim or issue" may supply a basis for avoiding claim preclusion. *See id.* at \*5 (cleaned up). But, in its view, these alleged facts were not materially relevant to Mr. Crumley's wrongful-discharge claim because they could not "affect the outcome of the suit under the governing law."[3] *Id.* (cleaned up).

As to the Training Report, the court noted that it contained only one negative statement regarding the events underlying the LOA: "During this period, [Mr.] Crumley displayed disrespectful and unprofessional behavior toward" Hanscom personnel "for which he received a[n] [LOA]." *Id.* at \*6 (quoting App'x 65). But the LOA and UIF—both part of Mr. Crumley's official military personnel file—"include[d] far more details" of those events. *Id.* Indeed, the LOA itself contained the very same negative information: "Your unprofessional and immature behavior toward" Hanscom personnel "is inexcusable." *Id.* (quoting App'x 55). Accordingly, "[b]ecause the same information included in the Training Report was also included in the

---

[3]    The Court of Federal Claims also determined that the alleged fact concerning the Training Report was not "new" in the relevant sense because Mr. Crumley discovered it years earlier while litigating *Crumley II* and therefore could have raised it in that litigation. *Crumley IV*, 2021 WL 4438547, at \*5. As we discuss below, because Mr. Crumley's failure to challenge the court's materiality analysis suffices to affirm, we need not consider this aspect of the court's decision.

LOA, the Training Report alone could not have affected the outcome of the [RIF Retention] [B]oard's decision"; therefore, whether it was included in Mr. Crumley's official military personnel file was not material to his wrongful-discharge claim. *Id.*

As to the Board's alleged premature denial of the July 2019 application, the court's reasoning flowed from its determination regarding the Training Report. Mr. Crumley based his July 2019 application on the same Training Report allegation: because it wasn't in his official military personnel file, it was improperly considered. But, because *that* allegation wasn't material, neither was the alleged premature denial of his July 2019 application. *See id.* at *7 ("Even if it was improper for the [Board] to consider [the July 2019] application . . . without waiting for [Mr. Crumley's] response, it was error without injury as the substance of the Training Report was already before the RIF [Retention] [B]oard from other documents."). The court therefore dismissed Mr. Crumley's complaint as barred by claim preclusion.

Mr. Crumley timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo the Court of Federal Claims' dismissal for claim preclusion. *E.g.*, *Cunningham v. United States*, 748 F.3d 1172, 1175 (Fed. Cir. 2014) (referring to claim preclusion as "res judicata").

Mr. Crumley's main argument against claim preclusion emphasizes that the alleged facts underlying this case are "new" because they were discovered or arose after his initial complaint in *Crumley II*. The Court of Federal Claims acknowledged that "new facts" may render a second claim not precluded. *See id.* at *5 (cleaned up). But, according to the court, being new wasn't enough; new alleged facts also needed to be *material*. *See id.*; *see also Whole*

*Woman's Health v. Hellerstedt,* 136 S. Ct. 2292, 2305 (2016) (endorsing the approach outlined in section 24 of the Restatement (Second) of Judgments, which "notes that development of new *material* facts can mean that a new case and an otherwise similar previous case do not present the same claim" (emphasis added)), *abrogated on other grounds by Dobbs v. Jackson Women's Health Org.,* 142 S. Ct. 2228 (2022); *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.,* 140 S. Ct. 1589, 1596 (2020) ("Events that occur after the plaintiff files suit often give rise to new *material* operative facts that in themselves, or taken in conjunction with the antecedent facts, create a new claim to relief." (emphasis added) (cleaned up)). And, in the court's view, Mr. Crumley's purportedly new alleged facts weren't material. *Crumley IV,* 2021 WL 4438547, at \*6–7.

Mr. Crumley, however, doesn't challenge the Court of Federal Claims' materiality analysis. For example, he doesn't argue that the court erred by requiring that his "new" alleged facts be material. Nor does he argue that those facts are material. He simply says nothing on the subject. Given that the court's claim-preclusion determination rested on its materiality analysis—regardless of whether Mr. Crumley's alleged facts were new—his failure to challenge (or even acknowledge) that analysis on appeal is conspicuous.[4] As the appellant, it fell to Mr. Crumley to demonstrate error in the Court of Federal Claims'

---

[4]    It's all the more conspicuous given that (1) the Court of Federal Claims noted that Mr. Crumley's response to the government's motion to dismiss "d[id] not address the issue of materiality," *Crumley IV,* 2021 WL 4438547, at \*5 n.3, even though the government's motion raised the issue; and (2) after the government's brief in this appeal called out this same deficiency in Mr. Crumley's opening brief, *e.g.*, Appellee's Br. 15–16, 22–23, he declined to file a reply brief.

judgment. *See, e.g., SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878, 892 (Fed. Cir. 1988); *accord In re Cmty. Home Fin. Servs. Corp.*, 32 F.4th 472, 484 (5th Cir. 2022) ("On appeal, the burden is on the appellant[] to show error." (cleaned up)); *Hernandez v. Starbuck*, 69 F.3d 1089, 1093 (10th Cir. 1995) ("Because the appellant comes to the court of appeals as the challenger, he bears the burden of demonstrating the alleged error . . . ."). In this case, without any developed argument from Mr. Crumley on the materiality issue—and there is none—he has given us no basis to disturb the Court of Federal Claims' claim-preclusion determination and resultant dismissal. So we affirm.

## CONCLUSION

We have considered Mr. Crumley's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**