Calvin J. WEBER, Petitioner,

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 01–3099.

United States Court of Appeals, Federal Circuit.

Aug. 10, 2001.

Before MAYER, Chief Judge,
NEWMAN and RADER, Circuit Judges.

PER CURIAM.

Calvin J. Weber seeks review of the July 10, 2000, decision of the Merit Systems Protection Board, Docket No. CH3443000635–I–1, dismissing for lack of jurisdiction his appeal alleging that the Department of the Army violated his Fifth Amendment due process rights by failing to grant him an appeal to the Personnel Security Appeals Board before revoking his security clearance in 1993. We *affirm.*

We review the board's decisions under a narrow standard. *See Hamel v. President's Comm'n on Executive Exch.*, 987 F.2d 1561, 1564 (Fed.Cir.1993). We must affirm absent a showing that a decision of the board is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

■ The doctrine of res judicata provides that a final judgment on the merits will bar re-litigation of issues that were or could have been raised in the prior action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). Weber was removed from his position with the Army based upon the revocation of his security clearance. He appealed his removal to the board, and raised the issue of his denial of an appeal to the Personnel Security Appeals Board in his closing argument to the administrative judge. *See Weber v. Dep't of the Army*, SL 1221930214–W–1 and SL 1221930310–W–1 (MSPB Oct. 20, 1993). The administrative judge found that the Army gave Weber minimal due process before revoking his clearance. We affirmed under Fed. Cir. R. 36 in *Weber v. Merit Sys. Prot. Bd.*, 39 F.3d 1196 (Fed. Cir.1994). Thus, the board correctly held that it lacked jurisdiction over the present action because Weber exhausted his remedy under the Civil Service Reform Act before the board in 1993.