NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAY KRUISE,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2018-1312

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-17-0839-I-1.

---

Decided: May 4, 2018

---

JAY KRUISE, Dickson City, PA, pro se.

VITO SALVATORE SOLITRO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before MOORE, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM.

Jay Kruise appeals the Merit Systems Protection Board's ("Board") dismissal of his appeal based on claim preclusion and the payment limitation provision of the Back Pay Act, 5 U.S.C. § 5596(b)(4). Because the Board properly dismissed Mr. Kruise's appeal, we *affirm*.

BACKGROUND

In September 2006, Mr. Kruise was employed as an Information Technology Specialist by the Department of the Army ("agency"). On September 18, 2006, the agency noted that Mr. Kruise's security clearance and access to sensitive information had been suspended and proposed that he be suspended for an indefinite period pending a final determination of his classified access. On November 21, 2006, the agency indefinitely suspended him from duty without pay pending a final determination regarding the revocation of his security clearance.

He appealed his indefinite suspension to the Board. He argued he was indefinitely suspended on the basis of his race and national origin. In February 2007, the administrative judge affirmed the agency's action in light of the Board's limited jurisdiction over actions involving suspension of security access. She determined the Board's jurisdiction over the indefinite suspension was limited to whether the agency complied with certain procedural requirements, and the Board could not reach the reasons behind the agency's actions. She found that the agency had provided Mr. Kruise with the process due under 5 U.S.C. § 7513. Mr. Kruise did not appeal, and the initial decision became final in April 2007. He pursued other agency review and court actions based on his suspension over the next several years.

Mr. Kruise filed the Board appeal at issue here in September 2017, seeking back pay from the date of his indefinite suspension in 2006 through his reinstatement

in July 2007. After issuing an order to show cause why the appeal should not be dismissed on the basis of res judicata, the administrative judge determined Mr. Kruise's appeal is barred by res judicata, specifically claim preclusion. He also determined the Back Pay Act prohibits payments for Mr. Kruise's claims deriving from 2006 through 2007. The initial decision became final on November 29, 2017. Mr. Kruise timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the Board's claim preclusion determination de novo. *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1267 (Fed. Cir. 2008). We must affirm a Board decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

"Claim preclusion prevents parties from litigating issues that could have been raised in a prior action." *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005). It applies when "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *Id.*

The Board properly determined that Mr. Kruise's appeal is barred by claim preclusion. Mr. Kruise does not contest that the first and third elements of claim preclusion are met. He argues the Board's 2007 decision was not a final judgment on the merits because it did not address whether the security clearance revocation and related suspension were justified. The Board, however, did not and does not have jurisdiction to review the reasons why the agency suspended Mr. Kruise's security clearance because the Board's jurisdiction over actions

involving security clearance suspensions is limited to "determin[ing] whether a security clearance was denied, whether the security clearance was a requirement of the appellant's position, and whether the procedur[al protections] set forth in section 7513 were followed." *Hesse v. Dep't of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000); *see also Dep't of the Navy v. Egan*, 484 U.S. 518, 530 (1998). The Board rendered a decision on that basis in 2007, finding that the agency had provided Mr. Kruise with the statutorily mandated due process. The 2007 Board decision was thus a final decision on the merits of the matter over which it had jurisdiction. *See, e.g.*, *Weber v. Dep't of Army*, 18 F. App'x 884, 885 (Fed. Cir. 2001); *Marlowe v. Dep't of Def.*, 2004 MSPB LEXIS 3438, *2–5 (M.S.P.B. July 22, 2004) (dismissing, on the basis of res judicata, an employee's challenge of his security clearance suspension). All of Mr. Kruise's claims based on his indefinite suspension and within the Board's jurisdiction were available to him at that time. Therefore, the Board properly dismissed Mr. Kruise's appeal under claim preclusion.

Mr. Kruise argues that his present claims for back pay and other relief are not barred because they were raised in district court, which lacked jurisdiction over those claims and thus could not have provided the requested relief. We have recognized that res judicata should not bar a later claim when the forum in the prior action lacked jurisdiction to grant the requested relief. *Cunningham v. United States*, 748 F.3d 1172, 1179–81 (Fed. Cir. 2014) (holding res judicata did not bar a breach of contract claim for damages where that remedy was not available in prior action). The issue here, however, is not whether Mr. Kruise's claims are barred by his district court activity, but whether they are barred by his prior appeal to the same Board. *See id.* at 1180. Because Mr. Kruise could have raised these claims in his first appeal to the Board, this exception to res judicata does not apply.

We have considered Mr. Kruise's remaining arguments and find them unpersuasive.

CONCLUSION

For the foregoing reasons, the decision of the Board is *affirmed*.

**AFFIRMED**

COSTS

No costs.