NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ADAM DELGADO,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

---

2022-1988

---

Petition for review of the Merit Systems Protection Board in No. NY-1221-09-0299-X-1.

---

Decided:  November 17, 2022

---

ADAM DELGADO, Ft. Meade, MD, pro se.

CATHARINE PARNELL, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY.

---

Before NEWMAN, REYNA, and STOLL, *Circuit Judges.*

PER CURIAM.

Adam Delgado appeals a decision from the U.S. Merits System Protection Board affirming that the Bureau of Alcohol, Tobacco, Firearms, and Explosives complied with a settlement agreement between Mr. Delgado and the agency. We affirm.

BACKGROUND

The Bureau of Alcohol, Tobacco, Firearms, and Explosives (the "agency") posted Mr. Delgado in Puerto Rico as a Special Agent. SAppx 3–5[1]. Between 2005 and 2006, Mr. Delgado repeatedly requested the agency change his post to Chicago. SAppx 4–5. After multiple denials of his request for transfer, Mr. Delgado filed an Equal Employment Opportunity complaint. SAppx 4. Mr. Delgado also filed a discrimination claim against the agency in the U.S. District Court for the District of Columbia. SAppx 4, 76. Mr. Delgado continued to request and be denied transfer until he resigned in 2006. SAppx 4–5.

In 2009, Mr. Delgado filed an appeal before the Merit Systems Protection Board (the "Board"), alleging that he had been constructively removed from his position when the agency refused to transfer him. SAppx 23, 75. The Board later dismissed the appeal without prejudice so that Mr. Delgado's newly obtained counsel could refile an appeal after completing his review of the record. SAppx 76. Mr. Delgado refiled an appeal in January 2010, alleging that his supervisor discriminated against him for not speaking Spanish and threatened his career. SAppx 82.

In January 2011, Mr. Delgado and the agency entered into a Settlement Agreement (the "Settlement") to resolve the district court litigation and the appeal to the Board.

---

[1]    "SAppx" refers to the appendix submitted with the Department of Justice's Response Brief.

SAppx 22–23, 75–76, 82, 89–92.  Under the Settlement, the agency would cancel Mr. Delgado's resignation, the agency would then reinstate and post him in Chicago, and the agency would pay both "the employer's and employee's share of Federal Employee Retirement System contributions from the date of resignation until the effective date of cancellation of the resignation." SAppx 91.  The Settlement also required the agency to pay $20,000 for Mr. Delgado's attorney fees and costs accrued in district court and in appeal to the Board.  *Id.*  In signing the Settlement, Mr. Delgado "waive[d] any claims of back pay or any other damages of any kind whatsoever." *Id.*  Mr. Delgado's appeal to the Board was dismissed as a result.  SAppx 96.  The agency cancelled Mr. Delgado's resignation and then reinstated and posted him in Chicago.  SAppx 117.

Following the Settlement, at Mr. Delgado's request, the agency informed Mr. Delgado that it had made $122,581.06 in retirement contributions on behalf of the employer as of March 2012.  SAppx 101, 103, 112.  Chief of Payroll Processing & Operations Branch Chris Kopeck also suggested in his correspondence that the agency had overpaid the contribution by $1,351.48, and that the correct contribution should have been $121,229.58.  SAppx 103.

In March 2016, Mr. Delgado filed a petition for enforcement with the Merits System Protection Board Field Office, arguing that the agency lacked proof of paying the Federal Employee Retirement System contributions as required by the Settlement and that the correct employer contribution amounted to $156,777.94.  SAppx 101.  The Administrative Judge found the agency's discrepant calculations for the employer contribution—$122,581.06 versus $121,229.58—required further attention and clarity.  SAppx 120–21.  The Administrative Judge granted Mr. Delgado's petition and found that, to comply with the Settlement, the agency must explain its $122,581.06 contribution computations between April 4, 2006, and July 16, 2011.  SAppx 121.

In July 2017, the agency provided a statement of compliance with the Administrative Judge's order. SAppx 135. The agency explained that it used Chicago rates to compute Mr. Delgado's retirement contribution and the agency's contributions to be $7,326.35 and $139,341.22, respectively. SAppx 144–45. These amounts were a correction to the original calculations, which relied on a lower Puerto Rico locality rate. SAppx 143. The agency noted that $6,040.18 of the corrected contributions were outstanding and in process of disbursement. SAppx 146–47.

Mr. Delgado argued in response that the agency's delay in correcting the contributions entitled him to back wages, legal fees, other benefits, a new post and grade, as well as relocation and transportation costs. SAppx 318. Mr. Delgado further argued that the agency's submission failed to provide proof of payment, and that it was improper to calculate the contributions using Chicago rather than Puerto Rico locality rates. SAppx 318. The agency supplemented its statement of compliance in April 2018, to confirm that the one outstanding contribution had been made. SAppx 295.

Mr. Delgado continued to argue that (1) Puerto Rico and not Chicago locality rates apply, and (2) the agency failed to provide proof of making the required contributions. SAppx 318–19. He contended that independent confirmation from the Office of Personnel Management was necessary and requested certified copies of documents be sent to him, the agency, and the Board. *Id.*

On May 26, 2022, the Board found that the agency had complied with the Settlement. SAppx 315–20. The Board also rejected Mr. Delgado's requests for wages, costs, fees, and benefits that were outside the scope of the Settlement. *Id.* Mr. Delgado timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## STANDARD OF REVIEW

Our review of Board decisions is statutorily limited. We must set aside a Board decision when it is "[1] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; [2] obtained without procedures required by law, rule or regulation having been followed; or [3] unsupported by substantial evidence." *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984) (citing 5 U.S.C. § 7703(c)). "Substantial evidence is defined simply as 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1252 (Fed. Cir. 2012) (citation omitted).

## DISCUSSION

We affirm the Board's determination that the agency complied with the Settlement. SAppx 315-20. Mr. Delgado argues that the Board did not have sufficient evidence to find that the agency paid "the $122,[581.06] employer portion payment" to his federal employee retirement account as required by the Settlement. Appellant Op. Br. 2. Mr. Delgado also seeks "back pay, seniority, benefits, moving costs, attorneys fees, court reporter fees, court costs, annual leave, sick leave, military leave, home leave, home buy back program and other entitlements." *Id.*

We conclude that substantial evidence supports the Board's determination that the agency complied with the Settlement. The agency provided sworn declarations and evidentiary support showing that the agency paid an adjusted contribution of $139,341.22 as of April 12, 2018. SAppx 146–47, 271–73, 299–301. Mr. Delgado's demand for additional evidence for a portion of this payment is unnecessary where, as here, there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *DuoProSS Meditech Corp.*, 695 F.3d at 1252. Requiring additional evidence is also improper because Mr.

Delgado appears to concede that payment has been made. Appellant Reply Br. at 6 ("Mr. Delgado believes that [the agency] may have made the $122,581.06 payment post the filing of the Petition to Enforce to avoid sanctions....").

We also affirm the Board's rejection of Mr. Delgado's requests for wages, fees, costs, and benefits outside the scope of the Settlement. Mr. Delgado claims that he is entitled to these remedies for an alleged breach of the Settlement. Appellant Reply Br. 7. Most of Mr. Delgado's requested relief is monetary. "The [Board] does not possess authority to award monetary damages for the breach of a settlement agreement." *Cunningham v. United States*, 748 F.3d 1172, 1180 (Fed. Cir. 2014). Even for non-monetary relief, the Board is statutorily limited to enforcing compliance with a settlement agreement. *See id.*; *see also* 5 U.S.C. § 1204(a)(2). Thus, the Board correctly rejected each monetary and non-monetary request outside the scope of the Settlement.

## CONCLUSION

We affirm the Board's determination that the agency complied with the Settlement. We also affirm the Board's rejection of Mr. Delgado's requests for wages, costs, fees, and benefits outside the scope of the Settlement.

## AFFIRMED

### COSTS

No costs.